## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **SCOTT BABNIK, individually and on behalf of all others similarly situated,** | ) ) ) ) | **Case No. 21 C _____** |
| **Plaintiffs** | ) ) | **JURY TRIAL DEMANDED** |
| **v.** | ) ) ) | |
| **THE VILLAGE OF ANTIOCH, LARRY HANSON, JAMES KEIM, RICK MORITZ, TOM NOWOTARSKI, GEOFF GUTTSCHOW and ROBERT LONG,** | ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Scott Babnik ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), through their attorneys, KULWIN, MASCIOPINTO & KULWIN, LLP and STEPHAN ZOURAS, LLP, submits this Class Action Complaint under Federal Rule of Civil Procedure 23 against defendants the Village of Antioch, Larry Hanson, James Keim, Rick Moritz, Tom Nowotarski, Geoff Guttschow and Robert Long (collectively, "Defendants").

### Nature of the Claim

1.      This class action complaint is brought by Plaintiff individually, and on behalf of all others similarly situated, seeking relief for prolific, widespread and pervasive unconstitutional searches, seizures and privacy invasions perpetrated by command-staff officers in the Village of Antioch Police Department.

1

2.     During the relevant time period, the Police Department had an unconstitutional and illegal practice of using a telephone recording system as a tool of investigation, which requires a warrant, to gather evidence on specific people and their conversations and for other improper purposes.

3.     Defendants instituted and used a surveillance and recording system to illegally intercept, surveil, record and disclose private communications on non-emergency Police Department telephone lines.

4.     In 2015, upon the recommendation of Village Administrator James Keim, the Village of Antioch hired Steve Huffman as the Chief of the Police Department. In August 2015, Steve Huffman started as Chief of Police.

5.     In July 2020, the Village of Antioch first revealed that, for at least three years, the Police Department was illegally surveilling and recording non-emergency calls on Police Department telephone lines for investigative and other improper purposes without legal justification and without notifying callers their calls would be, or were, being surveilled and recorded.

6.     Chief of Police Steve Huffman learned about the illegal surveillance and recording system when Commander Rick Mortiz asked him if he wanted to hear call recordings.

7.     Chief of Police Steve Huffman subsequently confirmed the Police Department's illegal surveillance and recording system had been operational since approximately 2012.

8.     Upon information and belief, command staff officers installed the illegal surveillance system in the Investigations Department to illegally surveil and record non-emergency calls conducted on Police Department telephone lines by using computer software formerly used by emergency dispatchers.

9.     After learning of its existence, Chief of Police Steve Huffman met with Village Attorney Robert Long about the Police Department's illegal surveillance and recording system.

10.    Chief of Police Steve Huffman told Village Attorney Robert Long that the Police Department's illegal surveillance and recording system needed to be reported to the State's Attorney because it violated the rights of people who used and communicated on non-emergency Police Department telephone lines.

11.    Village Attorney Robert Long told Chief of Police Steve Huffman that the Police Department's illegal surveillance and recording practice did not need to be reported.  Accordingly, no action was taken.

12.    During the relevant time period, it was established under federal law that the Fourth Amendment to the United States Constitution prohibits municipalities and police departments from surveilling and recording telephone calls as a tool of investigation, without a warrant, to gather evidence on specific people and their conversations and for other improper purposes.

13. During the relevant time period, it was an established violation of the Federal Wire and Electronic Communications Interception Statute (18 U.S.C. §§ 2511 & 2520) to wiretap or use machines to capture the communications of others without court approval, unless one of the parties has given their prior consent. Further, it is a federal crime to use or disclose any information acquired by illegal wiretapping or electronic eavesdropping.

14. During the relevant time period, it was an established violation of the Federal Wire and Electronic Communications Interception Statute (18 U.S.C. §§ 2511 & 2520) to use a telephone call recording system as a device for intimidation, suppression of criticism, blackmail, embarrassment or other improper purposes.

15. During the relevant time period, it was a felony crime under Illinois state law (720 ILCS 5/14-2) to use a device to overhear or record a telephone call or conversation without the consent of all parties to the conversation.

16. During the relevant time period, it was an established invasion of common law privacy rights, and an intrusion upon the seclusion of others, to overhear or record a telephone calls without the consent of the parties to the conversation.

17. During the relevant time period, in one or more ways, the Police Department violated the constitutional, statutory and common law privacy rights of people who used Police Department telephone lines.

18.    Defendants exacerbated the harm by covering it up after the illegal surveillance and recording system was reported to Village Attorney Robert Long.

19.    Municipalities, municipal officers, law enforcement professionals and lawyers have legal duties and obligations to preserve evidence from, report and investigate occurrences that appear to violate the law.

20.    In the Village of Antioch, despite the fact that the constitutional, statutory and common law privacy rights of citizens and employees were violated on a widespread basis, no effort was made to identify, determine or disclose the full extent of the misconduct, the individuals responsible for the misconduct or the individuals harmed by the misconduct.

21.    Rather, it was all covered up and kept hidden from view. Perpetrators were not held accountable. Victims were kept in the dark.

22.    During the relevant time period, Village of Antioch final policymakers and/or individuals delegated with final policymaking authority—including Village Attorney Robert Long and Commander Rick Mortiz and head of Investigations Tom Nowotarski—knew and/or should have known of the Police Department's unconstitutional and illegal surveillance and recording activity.

23.    The Village of Antioch and its high-ranking officials facilitated, permitted, tolerated and condoned the Police Department's unconstitutional and illegal conduct by maintaining and keeping secret the surveillance and recording system and failing to protect the constitutional, statutory and common law privacy rights of citizens and employees who made and received calls on Police Department telephone lines.

24.     Plaintiff and the Class he seeks to represent request equitable relief and monetary damages for the violation of their constitutional, statutory and common law rights in using the Police Department telephone lines.

25.     Plaintiff and the Class he seeks to represent also seek equitable relief to ensure that the illegal surveillance and recording system is no longer operational and will not be made operational in the future.

26.     Chief of Police Steve Huffman claims he directed Commander Rick Moritz to cease the illegal surveillance and recording activity.

27.     However, Chief of Police Steve Huffman was involuntarily separated from his position.

28.     The individual defendants continue hold authority and/or command staff positions with the Village of Antioch.

29.     As a result, based on the information available and upon information and belief, the surveillance and recording system remains available for use.

30.     Accordingly, Plaintiff and the Class he seeks to represent seek entry of a court order directing the Village of Antioch to represent that the illegal surveillance and recording system is not operational and will not be made operational in the future.

## Parties, Jurisdiction and Venue

31.     Plaintiff Scott Babnik (Plaintiff) is a Wisconsin citizen.

32.     Defendant the Village of Antioch (Antioch) is a body politic and corporation, organized under Illinois' County Code, 55 ILCS 5/1-1001 *et seq.*, within this district of Illinois.

6

33.     Antioch administers itself through departments, one of which is the Police Department.

34.     Antioch is a necessary party and indemnifier in lawsuits seeking damages from an independently elected municipal officers and/or policymakers like the claims alleged in the complaint. *See Carver v. Sheriff of LaSalle County,* 324 F.3d 947, 948 (7th Cir. 2003).

35.     Defendant Larry Hanson (Mayor Hanson) is the duly elected mayor of Antioch. Mayor Hanson is sued in his individual capacity as the final policymaker for Antioch and in his official capacity for purposes of equitable relief.

36.     Defendant James Keim is the Village Administrator for the Village of Antioch (Admin. Keim). Admin. Keim is sued in his individual capacity, for purposes of equitable relief, and because has or was delegated with final policymaking authority for Antioch.

37.     Defendant Geoff Guttschow is the Chief of Police for the Police Department (Chief Guttschow). Chief Guttschow is sued in his individual capacity, for purposes of equitable relief, and because has or was delegated with final policymaking authority for Antioch.

38.     Defendant Commander Rick Moritz (Commander Moritz) served in a command staff position as a Commander during the relevant time period. Commander Moritz is sued in his individual capacity and because has or was delegated with final policymaking authority for Antioch relating to the events alleged herein.

39.     Defendant Tom Nowotarski (Nowotarski) led the Investigations section during the relevant time period. Nowotarski is sued in his individual capacity and because he has or was delegated with final policymaking authority for Antioch relating to the events alleged herein.

40.     Defendant Robert Long (Long) served as the Village of Antioch attorney during the relevant time period. Long is sued in his individual capacity. During the relevant time period, Long was a final policymaker and/or was delegated with final policymaking authority for Antioch relating to the events alleged herein.

41.     During the relevant time period, the individual defendants were acting under color of state law.

42.     This Court has jurisdiction over the federal law claims under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343.

43.     This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

44.     Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within this judicial district.

## Facts Common to All Claims

45.     Prior to 2012, Antioch employed dispatchers who used a computerized telephone system to record emergency phone calls to the Police Department.

46.     In 2012, Antioch outsourced its emergency dispatch services.

47.     Upon information and belief, Antioch's command staff officers, including Commander Moritz and Nowotarski, obtained the computer system and installed it in the Investigations Department.

8

48.     Upon information and belief, Antioch's command staff officers, including Commander Moritz and Nowotarski, used the system as non-routine tool of investigation to gather evidence on certain people and their conversations which otherwise requires a warrant and/or for other improper purposes.

49.     Antioch did not have or maintain an approved policy or procedure for the recording system as it was installed, maintained and used surreptitiously.

50.     During the relevant time period, each and all Defendants intentionally subjected Plaintiff to unequal treatment and by knowingly refusing to protect him from violations of his constitutional and privacy rights.

51.     The actions of each and all Defendants reflect a policy, custom, or pattern of official conduct of engaging in and condoning the violation of constitutional and privacy rights.

52.     The Defendants had or were delegated with final policy making authority as it relates to the allegations asserted herein.

53.     During the relevant time period, upon information and belief, each and every Defendant knew and/or should have known about the illegal surveillance and recording system operating in the Police Department.

54.     During the relevant time period, each and every Defendant knew and should have known that Plaintiff and the Class he seeks to represent was being subjected to illegal surveillance and recording of telephone calls.

55.     During the relevant time period, each and every Defendant caused or participated in the Police Department's unconstitutional and illegal surveillance and recording activity.

9

56.     Despite this, Defendants failed to take any effective remedial action, and turned a blind eye to the illegal surveillance and recording.

57.     The acts and omissions of the individual defendants reflect the official acts, policies, customs and/or patterns of official conduct of engaging in and/or condoning the widespread violation of constitutional, federal and state law privacy rights of citizens and employees who use the Police Department telephone system.

58.     The Constitutional and statutory violations alleged were caused, in part, by the customs, policies, and practices of the Antioch Police Department, as promulgated, enforced, and disseminated by Defendants whereby the institutions and individuals charged with protecting and serving the public instead perpetrated widespread and pervasive unconstitutional searches, seizures and privacy invasions of the citizens and employees who used the Police Department telephone system and then covered it up to protect themselves.

59.     Antioch and the Police Department are responsible for the acts of its command staff officers and staff, who were acting within the scope of their employment, and pursuant to a policy, custom, and/or practice of violating rights under the Fourteenth Amendment to the Constitution of the United States and privacy rights under state law guaranteed to citizens and employees.

60.     Each and all Defendants' actions were intentional, willful, malicious and/or in reckless disregard of Plaintiff's rights secured by 42 U.S.C. § 1983.

**Plaintiff's Use of the Police Department Telephone System**

61.     During the relevant time period, for personal reasons, Plaintiff made private non-emergency calls to the Police Department using the Police Department telephone system.

62.     For example, Plaintiff's wife and other acquaintances worked at the Police Department, so Plaintiff had private non-emergency personal calls with these individuals using the Police Department's non-emergency telephone lines.

63.     Further, on a regular basis, Plaintiff physically entered the Police Department and used its non-emergency telephone lines for private personal reasons. For example, with permission, regularly Plaintiff parked his personal car at the Police Department during work hours.

64.     During the relevant time period, Plaintiff and the Class he seeks to represent made and received telephone calls to the Police Department without knowing or consenting to the fact that the calls were being recorded by the Police Department's illegal surveillance and recording system.

65.     Plaintiff and the Class he seeks to represent had reasonable expectations of privacy in making calls from the Police Department facility, making calls to the Police Department and/or receiving calls from the Police Department.

66.     During the relevant time period, Plaintiff and the Class he seeks to represent did not believe and did not have reason to believe that their non-emergency telephone calls to or from the Police Department were being recorded by the Police Department's illegal surveillance and recording system.

## Class Allegations

67.     Under Federal Rule of Civil Procedure 23, Plaintiff brings claims on his own behalf and as a representative of all other similarly situated individuals as a class action to remedy the conduct alleged herein, on behalf of themselves and a class consisting of all individuals who made or received non-emergency telephone calls from the Police Department while the system was operational preceding the date of the commencement of this action through the date of judgment.

68.     This action is properly maintained as a class action under Rule 23 because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     The claims of the Representative Plaintiff are typical of the claims of the Class; and

D.     The Representative Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

69.     Upon information and belief, there are thousands of members of the proposed class. The exact number of class members may easily be determined from Defendants' phone records.

### Commonality

70.     There are questions of fact and law common to the class, which are well-suited to class-wide adjudication, and those common questions, which will generate common answers, predominate over any questions affecting only individual class members, including but not limited to the following:

(a)     the extent to which the Defendants violated the constitutional, statutory and common law privacy rights of the people who made or received calls on the non-emergency Police Department telephone system;

(b)     whether and to what extent Defendant preserved evidence of the illegal surveillance and recording system;

(c)     whether and to what extent Defendant preserved evidence of the illegal recordings made by the surveillance and recording system;

(d)     whether Defendants acted with deliberate indifference for the constitutional, statutory and common law privacy rights of the people who made or received calls on the non-emergency Police Department telephone system; and

(e)     the extent to which class members are entitled to damages and the proper measure of those damages.

71.     Plaintiff anticipates that Defendants will raise defenses that are common to the Class.

72.     The Representative Plaintiff will fairly and adequately protect the interests of all members of the Class, and there are no known conflicts of interest between Plaintiff and class members.

73.     The Representative Plaintiff has retained experienced counsel that are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

74.     The claims of the Representative Plaintiff are typical of the claims of the Class, and they predominate over any questions affecting only individual class members. The Representative Plaintiff has the same interests and suffered from the same unlawful conduct as the Class.

13

75.     Upon information and belief, there are no other class members who have an interest individually in controlling the prosecution of their individual claims. However, if one becomes known, they can "opt out" of this action.

76.     The common questions identified above predominate over any individual issues, and will generate common answers. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.

77.     Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

78.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action.

79.     Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

80.     The issues can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage the case as a class action.

## COUNT I
### Section 1983 Violation of Fourth Amendment Rights

81.     Plaintiff adopts and incorporates by reference the Paragraphs above.

82.     The Fourth Amendment to the United States Constitution, enforceable under 42 U.S.C. § 1983, provides "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV.

83.     Defendants each violated Plaintiff's Fourth Amendment rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. Specifically, Defendants illegally seized and recorded and/or participated in seizing and recording telephone calls made by Plaintiff and/or the Class he seeks to represent without justification and without probable cause, depriving them of those rights, privileges and/or immunities provided by the Constitution and federal law.

84.     Defendants' misconduct was objectively unreasonable and undertaken intentionally with willful indifference to the constitutional, civil and legal rights of Plaintiff and the Class he seeks to represent.

85.     Defendants acted with conscious disregard and/or deliberate indifference to Plaintiff's constitutional, civil and legal rights.

86.     Defendants' conduct was pursuant to a policy and practice of violating Plaintiff's Fourth Amendment rights by its employees and supervisors and with the knowledge and acquiescence of Defendants, Defendants' staff, and Defendants' supervisory officials.

87.     As a result of Defendants' unjustified violation of Plaintiff's constitutional and civil rights, Plaintiff suffered pecuniary and non-pecuniary injuries, including suffering, anguish, monetary damages, loss of reputation, humiliation and other injury and damages.

**COUNT II**
**Section 1983 Violation of Equal Protection Rights**

88.     Plaintiff adopts and incorporates by reference the Paragraphs above.

89.     The Fourteenth Amendment to the United States Constitution, enforceable under 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

90.     Each and every Defendants' action, and the policies and practices alleged herein, intentionally subjected Plaintiff and the Class he seeks to represent to unequal treatment by knowingly subjecting them to, and refusing to protect them from, the illegal surveilling and recording of telephone calls and invasions into their privacy.

91.     The actions of each and every Defendant violated the equal protection rights of Plaintiff and the Class he seeks to represent.

92.     The actions of each and every Defendant was intentional, willful, and malicious and/or in reckless disregard of Plaintiff's equal protection rights.

93.     Defendants' conduct was pursuant to a policy and practice of violating the equal protection rights of Plaintiff and the Class he seeks to represent by its employees and supervisors and with the knowledge and acquiescence of Defendants, Defendants' staff, and Defendants' supervisory officials.

94.     The actions of each and every Defendant in intentionally engaging in and condoning the illegal recording of telephone calls involving Plaintiff and the Class he seeks to represent caused Plaintiff mental anguish, suffering humiliation, degradation, physical and emotional pain and suffering, inconvenience, and benefits, future pecuniary losses, and other consequential damages.

<u>**COUNT III**</u>
**Violation of the Federal Wire and Electronic Communications Interception Statute (18 U.S.C. §2511 and 18 U.S.C. §2520)**

95.     Plaintiff adopts and incorporates by reference the Paragraphs above.

96.     The Omnibus Crime Control and Safe Streets Act (Title III) establishes a right to civil damages and other relief against "any employee, or agent of the United States or any State or political subdivision thereof, and any individual" "who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. §§ 2510(6), 2511(1)(a) (amended 1986) & 2520.

97.     Police Department command staff officers, including defendants Commander Moritz and Nowotarski, knowingly used the Police Department's illegal surveillance and recording system for the purpose of intercepting incoming and outgoing non-emergency Police Department telephone calls.

17

98.     Village of Antioch Police Department command staff officers, including defendants Commander Moritz and Nowotarski, intercepted communications involving Plaintiff and the Class he seeks to represent.

99.     Village of Antioch Police Department command staff officers, including defendants Commander Moritz and Nowotarski, did not have the consent or authorization of Plaintiff or any other party to such communications, to intercept the aforementioned communications.

100.    Antioch is liable for the conduct as described herein as an indemnitor and under the doctrine of *respondeat superior* because the Police Department command staff officers engaged in such conduct in the course of their employment and within the scope of their employment.

## COUNT IV
## Violation of Illinois Eavesdropping Act
## (720 ILCS §5/14-2)

101.    Plaintiff adopts and incorporates by reference the Paragraphs above.

102.    The Illinois Eavesdropping Act establishes a civil right to damages and other relief against a person who, without some law enforcement justification, "[k]nowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation . . . unless he does so . . . with the consent of all of the parties to such conversation." 720 ILCS 5/14–2(a)

103.    Defendants willfully and intentionally, and without knowledge, consent and/or authorization, and without legal cause or justification, surveilled and recorded incoming and outgoing calls to the Police Department.

18

104.     Police Department command staff officers, including defendants Commander Moritz and Nowotarski, knowingly and intentionally intercepted communications involving Plaintiff and the Class he seeks to represent.

105.     Antioch is liable for the conduct as described herein as an indemnitor and under the doctrine of *respondeat superior* because the Police Department command staff officers engaged in such conduct in the course of their employment and within the scope of their employment.

**COUNT V**
**Invasion of Privacy**

106.     Plaintiff adopts and incorporates by reference the Paragraphs above.

107.     Defendants willfully and intentionally, and without Plaintiff's knowledge, consent and/or authorization, and without legal cause or justification, surveilled and recorded incoming and outgoing calls to the Police Department.

108.     Defendants knew and/or should have known that command staff members of the Police Department, including Moritz and Nowotarski, were without legal cause or justification, surveilling and recording incoming and outgoing calls to the Police Department.

109.     The conduct of surveilling and recording incoming and outgoing calls to the Police Department constitute unauthorized intrusions into Plaintiff's seclusion.

110.     The conduct of surveilling and recording incoming and outgoing calls to the Police Department is offensive and/or objectionable to reasonable people.

111.     The conduct of surveilling and recording incoming and outgoing calls to the Police Department is an unauthorized, offensive, objectionable and unlawful intrusions into Plaintiff's private and intimate person, surroundings and matters.

112.    Surveilling and recording incoming and outgoing calls to the Police Department is so outrageous as to shock the conscience of reasonable people.

113.    Antioch is liable for the conduct as described herein under the doctrine of *respondeat superior* because the Police Department command staff officers engaged in such conduct in the course of their employment and within the scope of their employment.

114.    As a direct and proximate result of the invasions of Plaintiff's privacy and intrusions into his seclusion, Plaintiff has suffered and will continue to suffer harm and damages, including but not limited to suffering and mental anguish.

115.    Antioch is liable for the conduct as described herein as an indemnitor and under the doctrine of *respondeat superior* because the Police Department command staff officers engaged in such conduct in the course of their employment and within the scope of their employment.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order:

A.    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Scott Babnik as Class Representative, and appointing Kulwin, Masciopinto & Kulwin, LLP and Stephan Zouras, LLP as Class Counsel;

B.    Awarding compensatory damages to adequately and fairly compensate Plaintiff and the Class for the injury, harm and loss sustained;

C.    Awarding punitive damages;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Representative Plaintiff and the Class, including requiring the Village of Antioch to fulfill its legal obligations and cease permanently surveilling and recording all non-emergency incoming and outgoing Police Department telephone calls;

E. Awarding Plaintiffs and the Class reasonable attorneys' fees, costs and other litigation expenses; and

F. Awarding such other and further relief as equity and justice may require.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS**

Dated:        January 4, 2021        Respectfully submitted,

KULWIN, MASCIOPINTO & KULWIN, L.L.P.
By: /s/ Jeffrey R. Kulwin
One of the Attorneys for Plaintiffs

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, LLP
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
T:  312.641.0300
F:  312.855.0350


James B. Zouras
Ryan F. Stephan
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, IL 60606
T: 312.233.1550
F: 312.233.1560