**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SCOTT BABNIK, individually and on behalf of all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 21-cv-00022** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE VILLAGE OF ANTIOCH, LARRY HANSON, JAMES KEIM, RICK MORITZ, TOM NOWOTARSKI, GEOFF GUTTSCHOW and ROBERT LONG,** | ) | **Judge Jeffrey I. Cummings** |
| | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is brought by plaintiff Scott Babnik ("Babnik") individually, and on behalf of all others similarly situated, against the Village of Antioch ("Village") and six individuals it employed (collectively, "defendants") seeking legal and equitable relief. (Dckt. #1). In his five count complaint, Babnik asserts claims that defendants: (1) violated his Fourth Amendment rights (Count I); (2) violated his rights to the Equal Protection of Law (Count II); (3) violated his rights under the Federal Wire and Electronic Communications Interception Statute (18 U.S.C. §§2511, 2520) (Count III); (4) violated his rights under the Illinois Eavesdropping Act (720 ILCS §5/14-2) (Count IV); and (5) invaded his right to privacy under Illinois common law. Defendant Moritz and the other defendants collectively bring motions to dismiss the complaint, (Dckt. #17, #18), for lack of subject matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. For the reasons set forth below, defendants' motions to dismiss the complaint are granted for

lack of subject matter jurisdiction and plaintiff is given leave to file an amended complaint on or before January 5, 2024. Furthermore, Count II of the complaint is dismissed with prejudice based on Babnik's voluntary decision to abandon his equal protection claim. (Dckt. #27 at 11 n.2).

## I. LEGAL STANDARD

"The Court starts with standing, which 'is a threshold question in every federal case because if litigants do not have standing to raise their claims the court is without authority to consider the merits of the action.'" *Illinois Conservative Union v. Illinois*, No. 20 C 5542, 2021 WL 2206159, at *3 (N.D.Ill. June 1, 2021), *quoting Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3 724, 726 (7th Cir. 2016). This is so because "Article III of the Constitution limits federal judicial power to certain 'cases' and 'controversies,' and the 'irreducible constitutional minimum' of standing contains three elements." *Silha v. ACT, Inc.*, 807 F.3d 169, 172-73 (7th Cir. 2015), *quoting Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559-60 (1992). In particular, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that he injury will be addressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Silha*, 807 F.3d at 173.

In this case, defendants raise a facial challenge to subject matter jurisdiction by asserting that Babnik has not sufficiently alleged standing. *Silha*, 807 F.3d at 173. At the pleading stage, Babnik has the burden of clearly alleging facts demonstrating each element of Article III standing "for each claim that [he] press[es] and for each form of relief that [he] seek[s]." *Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023) (cleaned up); *Lujan*, 504 U.S. at

561. For purposes of defendants' motions to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws reasonable inferences in Babnik's favor though it will "not accept as true statements of law or unsupported conclusory factual allegations." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *McCauley v. City of Chicago*, 671 F.3d 611, 616-19 (7th Cir. 2011) (complaint's legal conclusions and conclusory allegations merely reciting the elements of his claims as such allegations are not presumed true for purposes of a motion to dismiss).

Furthermore, "[b]ecause *Lujan* mandates that standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof,' it follows that the *Twombly-Iqbal* facial plausibility requirement for pleading a claim is incorporated into the standard for pleading subject matter jurisdiction." *Id.* at 174, *quoting Lujan*, 504 U.S. at 561. As such, where a complaint pleads facts that are "merely consistent with" a plaintiff's standing, it stops short of the line – which plaintiff must cross to plead standing – between possibility and plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Yeftich*, 722 F.3d at 915; *McCauley*, 671 F.3d at 616. In other words, where the well-pleaded facts do not permit the court to infer more than the mere possibility of standing, plaintiff falls short of meeting his burden to plead standing. *Iqbal*, 556 U.S. at 678; *Yeftich*, 722 F.3d at 915.

## II. THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Babnik alleges the following facts in his complaint (Dckt. #1):

Plaintiff Scott Babnik is the spouse of an employee of the Village of Antioch Police Department ("Village PD"). (*Id*. ¶62). Babnik brings his claims against the Village along with six individuals it employs: Larry Hanson (the Village Mayor); James Keim (the Village

Administrator); Robert Long (the Village's Attorney); Geoff Guttschow (the Chief of Police); and Tom Nowotarski and Rick Moritz (both police commanders with the Village PD). (*Id.* ¶¶35-40).

Prior to 2012, the Village employed dispatchers who used a computerized telephone system to record emergency phone calls to the Village PD. (*Id.* ¶45). In 2012, the Village outsourced its emergency dispatch services and, upon information and belief, the Village PD's command staff officers, including Commanders Moritz and Nowotarski, installed in the Village PD's Investigations Department a computer system that was formerly used by emergency dispatchers. (*Id.* ¶¶7, 8, 47). Upon information and belief, the recording system's purpose was "to intercept, surveil, record and disclose" calls conducted on Village PD non-emergency telephone lines to gather evidence on certain people. (*Id.* ¶¶2, 8, 48). The Village PD recorded calls without notifying callers that the calls would be recorded. (*Id.* ¶5).

In 2015, the Village hired Steve Huffman as the Chief of the Village PD. (*Id.* ¶4). Huffman learned about this surveillance and recording system when Moritz asked him if he wanted to hear call recordings. (*Id.* at ¶6). Huffman thereafter met with Village Attorney Long and expressed his view that the Village PD's recording system needed to be reported to the State's Attorney because he believed that the system violated the rights of people who used and communicated on non-emergency Village PD telephone lines. (*Id.* ¶10). Long disagreed, told Huffman (a non-party who was later involuntarily separated from his position) that the Village PD's recording system did not need to be reported. (*Id.* ¶¶11, 27). Nonetheless, Huffman directed Moritz to cease the recording activity. (*Id.* ¶26). It was not until July 2020 that the Village revealed that the Village PD had been recording non-emergency calls on Village PD

telephone lines for at least three years without notifying callers that their calls were being surveilled and recorded. (*Id.* ¶5).

During the relevant time period,[1] Babnik – for personal reasons – made non-emergency calls using the Village PD's non-emergency telephone lines to his wife and other acquaintances who worked for the Village PD. (*Id.* ¶¶61-62). In addition, Babnik, on a regular basis, physically entered the Village PD's facility and used its non-emergency telephone lines for private personal reasons. (*Id.* ¶63). Plaintiff, and the class that he seeks to represent, made calls to and from the Village PD without knowledge that their calls may have been recorded by the Village PD's recording system and without consenting to being recorded. (*Id.* ¶64).

Plaintiff, on behalf of himself and the putative class, seeks an award of damages and the entry of a court order directing the Village to represent that the Village PD's recording system is not operational and will not be made operational in the future. (*Id.* ¶¶24-25, 30).

## III. ANALYSIS

Defendants assert that Babnik has failed to meet his burden of establishing standing for three reasons. First, regarding the legal relief he seeks, they assert that Babnik failed to plead that he has suffered an actual injury in fact that is concrete and particularized. In particular, Babnik does not allege that the Village PD recorded all incoming and outgoing phone calls. Nor does he explicitly allege that the Village PD recorded any of his calls. Instead, he alleges that certain of the defendants installed a purported illegal recording system in the Village PD's Investigation Department. Although Babnik alleges that he made calls to and from the Village PD, he does not allege that he made any such calls to or from the Village PD's Investigation

[1] The "relevant time period" is not defined in the complaint although plaintiff does allege that the recording system in the Investigations Department had been in operation since approximately 2012. (*Id.* ¶7).

Department. Nor does Babnik allege that his spouse or his acquaintances were in the Investigation Department at the time he called them.

Even Babnik appears to acknowledge that allegations of this type would be required. In his response brief, Babnik asserts that "[a]n actionable privacy injury occurs: (1) when an illicit spying device is placed in an area reasonably expected to be private; (2) when a victim engages in private activity *where the device was concealed*; and (3) regardless of whether direct evidence of actual spying is ever found." (Dckt. #27 at 5) (emphasis added). The decisions that Babnik relies upon also involve factual situations where the plaintiffs made calls on telephone lines or had conversations in areas that were monitored by purportedly illegal recording devices. *See Amati v. City of Woodstock*, 829 F.Supp. 998, 1000-01 (N.D.Ill. 1993) (plaintiffs alleged that they made private calls on the telephone line where the purportedly illegal wiretap was in place); *Opal v. Cencom E 911*, No. 93 C 20124, 1994 WL 559040, at *4 (N.D.Ill. Oct. 5, 1994) (plaintiff alleged that she met with her attorney in a room where the purportedly illegal recording device was able to intercept her conversations).

In sum: without an allegation that he made calls to or from the Investigation Department (let alone that any such calls were recorded), Babnik has alleged nothing more than the *possibility* that he suffered an injury, and that is insufficient to meet his burden of pleading a *plausible* injury for purposes of establishing standing.

Second, defendants assert that Babnik failed to plead "a real and immediate threat of a future injury" sufficient to support standing to seek injunctive relief. *See Access Living of Metro. Chicago v. Uber Techs., Inc.*, 958 F.3d 604, 613 (7th Cir. 2020) ("Allegations that convey but a *possible* future injury are not sufficient . . . because that makes any injury merely conjectural or hypothetical.") (cleaned up); *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013),

*quoting Lujan*, 504 U.S. at 564 ("the Supreme Court has held that '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'"). Once more, defendants are correct. In particular, Babnik does not allege that the Village PD is still using the recording system. To the contrary, he seeks the entry of an order directing the Village to confirm that the recording system is not operational and will not be made operational in the future. (Dckt. #1, ¶30). Furthermore, Babnik does not allege that he is currently placing calls to or from the Village PD Investigation Department or that he intends to do so in the future. Without such allegations, Babnik has failed to establish standing to obtain injunctive relief.

Finally, defendants assert that Babnik cannot obtain standing to assert claims for injunctive relief "based on harms that may occur to potential members of an alleged class that has not been certified and may never be." *Otero v. Dart*, No. 12 C 3148, 2012 WL 5077727, at *5 (N.D.Ill. Oct. 18, 2012); *Camasta v. Jos. A Bank Clothiers, Inc.*, No. 12 C 7782, 2013 WL 474509, at *5 (N.D.Ill. Feb. 7, 2013) (same). Babnik does not respond to this argument in his response, and the Court therefore finds that he has conceded the point. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

For these reasons, the Court finds Babnik has failed to meet his burden of pleading sufficient allegations to establish Article III standing. Under these circumstances, the Court will dismiss the complaint with leave to amend without reaching the merits of defendants' Rule 12(b)(6) motion, *see MAO-MSO Recovery II, LLC v. State Farm Mut. Auto Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019), and grant plaintiff leave to file an amended complaint on or before January 5, 2024.

## CONCLUSION

For all the above reasons, the Court grants defendants' motions to dismiss, (Dckt. #17, #18), and dismisses plaintiff's complaint with leave to amend on or before January 5, 2024, to the extent that he can do so consistent with this Memorandum Opinion and the dictates of Federal Rule of Civil Procedure 11. Count II of the complaint is dismissed with prejudice based on plaintiff's decision to abandon his equal protection claims.

**ENTERED: December 6, 2023**

**Jeffrey I. Cummings**
**United States District Court Judge**